IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  3:23-cv-05051-MDH |
| | ) | |
| K2HN CONSTRUCTION, LLC, and | ) | |
| BILLY BALL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Scottsdale Insurance Company's ("Scottsdale's") Amended Motion for Summary Judgment.[1] Defendant Billy Ball ("Defendant Ball" or "Mr. Ball") is unopposed. For reasons herein, Scottsdale's Amended Motion for Summary Judgment is **GRANTED**.

Scottsdale's complaint seeks a declaratory order from this Court regarding its rights and obligations under commercial general liability insurance policy number RBS0028683, with effective dates of September 4, 2020 to September 4, 2021 ("the Policy"). In November 2022, Defendant Billy Ball filed a lawsuit in Missouri state court against Defendant K2HN Construction, LLC under cause number 22LW-CC00120 ("Underlying Lawsuit"). Mr. Ball alleges in the Underlying Lawsuit that he was electrocuted while operating a concrete pouring truck when working as an employee of Kay Concrete and Materials Company. This injury, Mr. Ball alleges,

---

[1] Scottsdale's Motion to File Substitute Motion for Summary Judgment (Doc. 39) is **GRANTED**. Defendant Ball appears unopposed, as he responded to Scottsdale's Proposed Amended Motion for Summary Judgment and has offered no opposition to Scottsdale's Motion to File Substitute Motion for Summary Judgment.

1

resulted from negligent operation of a pumping truck by K2HN Construction, LLC agents and/or employees. The Underlying Lawsuit alleges negligence and negligence per se against K2HN Construction, LLC.

In the present action, Scottsdale alleges that K2HN Construction, LLC has made a tender of defense and indemnity, pertinent to the Underlying Lawsuit, to Scottsdale, who has denied coverage. The current suit lists as defendants Mr. Ball and K2HN Construction LLC.[2] Scottsdale's complaint alleges five separate bases for seeking declaratory judgment of no coverage: 1) K2HN Construction, LLC is not an insured party under the Policy; 2) Mr. Ball was injured outside the coverage territory; 3) Mr. Ball's electrocution falls outside the scope of covered injuries; 4) Mr. Ball's injury, allegedly caused by K2HN Construction, LLC contractors, falls under the Policy's independent contractor exclusion; and 5) Mr. Ball's injury, allegedly incurred while working for a K2HN Construction, LLC subcontractor, falls under the Policy's coverage exclusions for subcontractors. In Scottsdale's Amended Motion for Summary Judgment, Plaintiff contends that it is entitled to declaratory judgment, "with each coverage defense applying as a separate and additional reason as to why the Policy affords no coverage with respect to the Underlying Lawsuit." (Doc. 40 at 1). In response, Mr. Ball contends as follows.

---

[2] Plaintiff previously sought default judgment against K2HN Construction, LLC, which this Court denied because "Defendant K2HN and Defendant Ball are similarly situated such that entering default judgment against Defendant K2HN, finding that Plaintiff is in no way liable for damages resulting from Defendant Ball's injuries, creates the risk of absurd or inconsistent judgments." (Doc. 15 at 1-2). This Court did, however, enter a clerk's entry of default against K2HN Construction, LLC pursuant to Federal Rule of Civil Procedure 55(a). Based on the record before the Court, it appears no counsel has entered appearance on behalf of K2HN Construction, LLC nor has K2HN Construction, LLC responded to Scottsdale's complaint, though K2HN Construction, LLC appears to have been properly served. Because this order grants summary judgment against Mr. Ball with Mr. Ball's consent, this Court sees no reason to further delay default judgment against Defendant K2HN Construction, LLC. Accordingly, default judgment is entered against K2HN Construction, LLC under FRCP 55(b)(2). This Court finds that Scottsdale owes no duty to defend or indemnify K2HN Construction, LLC under the Policy, as K2HN is not a named insured.

Defendant Ball admits to Scottsdale's claim that Defendant K2HN Construction, LLC is not an "insured" under the Policy (see Document 41, Section IV LAW AND AGRUMENT, paragraph C.) Defendant Ball does hereby acknowledge, based on the deposition testimony of Shawn Schreiner, that K2HN Construction, LLC was not the named insured under the Policy and thus does not qualify under any of the terms of the Policy's provision to be a named insured. Thus, Defendant Ball consents to the Substitute Motion for Summary Judgment on that basis alone, and not for any other basis identified in Document 41. Defendant Ball admits facts to support Summary Judgment on the sole basis that K2HN Construction, LLC was not the named insured under the Policy. Defendant Ball further notes an agreement between counsel that Defendant Ball would consent to summary judgment and discontinue depositions. In response Plaintiff has agreed to not submit a court cost bill. Doc. 44 at 1-2.

Accordingly, this Court finds the parties agree no dispute of material fact exists as to whether Defendant K2HN Construction, LLC is an "insured" under the Policy. With Defendant Ball's consent, summary judgment is entered in favor of Scottsdale and against Mr. Ball, as Scottsdale and Mr. Ball agree the Policy lacks coverage for K2HN Construction, LLC because K2HN Construction, LLC is not a named insured. Accordingly, Scottsdale has no duty to indemnify and no duty to defend K2HN Construction, LLC in the Underlying Lawsuit, based only on K2HN Construction, LLC not being a named insured under the Policy.[3]

**IT IS SO ORDERED.**

DATED: April 18, 2024

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[3] Scottsdale's complaint lists each of five alleged separate bases for denial of coverage in different counts. The complaint generally, however, seeks the same relief for each count: declaration that Scottsdale owes K2HN Construction, LLC no coverage related to the Underlying Suit. Because this Court has entered summary judgment in Scottsdale's favor and granted the relief sought under Count One, which alleges no coverage based on K2HN not being a named insured under the Policy, this Court dismisses the remaining counts of Scottsdale's complaint without prejudice.